UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABRAHAM BANKS**, <br><br> Petitioner, <br><br> v. <br><br> **JAMES WALKER**, <br><br> Respondent. | No. 2:07-cv-02022-AK <br><br> **ORDER** |

A jury convicted Banks of attempted murder and assault with a firearm. The California Court of Appeal affirmed, and the California Supreme Court denied Banks's petition for review on August 17, 2005. When the window for filing a cert petition closed, Banks had a year to file a federal habeas petition. 28 U.S.C. § 2244(d). The lawyer appointed to represent Banks in state court inadvertently delayed telling him about the state supreme court's decision. When he finally did, the deadline for filing a federal petition had passed. Banks didn't file in federal court until September 27, 2007—almost a full year late.

Banks argues that he's entitled to equitable tolling. He has the burden to show that "he has been pursuing his rights diligently," and that "some extraordinary circumstance stood in his way and prevented timely filing." Holland

v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation mark omitted); see Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  It's very difficult to meet this standard, and Banks must demonstrate that "the extraordinary circumstances made it impossible to file a petition on time."  Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (internal quotation mark omitted).  Garden variety claims of attorney negligence do not justify equitable tolling.  Holland, 130 S. Ct. at 2564; Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003).

Banks says that he and his family left a number of messages for his lawyer, asking whether the state supreme court had ruled on his habeas petition; Banks does not claim to have sought the information any other way.  The lawyer admits that he did not return the phone calls, and explained that his "failure to notify Mr. Banks of the result of his petition for review in the California Supreme Court was due to inadvertence and neglect."  He had otherwise been diligent in representing Banks, sending him copies of the California Court of Appeal decision and the petition for review filed in the California Supreme Court.  Banks doesn't claim his lawyer ever misinformed him about the status of his case.  Nor was counsel responsible for preparing a federal habeas petition; his "representation was by court appointment, and extended only to proceedings on direct appeal in state court."  Only later did he agree to represent Banks in federal habeas proceedings.

Counsel's failure to inform Banks about the denial of state relief was not an extraordinary circumstance that prevented him from filing a timely federal habeas petition.  This is a case of simple attorney negligence.  Courts have rejected equitable tolling in similar situations.  E.g., LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005) (no extraordinary circumstance where petitioner "impl[ied] that counsel was derelict in failing to timely notify him of the state court's disposition"); Mollison v. Martel, No. 2:08-cv-00994, 2009 WL 2940912, at *3 (E.D. Cal. Sept. 10, 2009) (no extraordinary circumstance where petitioner alleged "that counsel failed to communicate information (crucial as it may have proven to be) under circumstances that suggest attorney negligence"); Rodriguez v. Marshall, No. 1:05-cv-0230, 2009 WL 1424260, at *3 (E.D. Cal. May 20, 2009) (no extraordinary circumstance where petitioner argued "that he was prevented from timely filing the federal petition because his appellate counsel failed to notify him when the petition for review was denied by the California Supreme Court [despite having promised to do so]"); cf. Miranda, 292 F.3d at 1066–68 (no extraordinary circumstance where counsel told client wrong deadline for filing).

This case does not involve the kind of egregious attorney misconduct that might justify equitable tolling.  Cf. Holland, 130 S. Ct. at 2557–59 (counsel failed to file client's petition in capital case despite having been clearly instructed to do

so); Spitsyn, 345 F.3d at 801 (counsel failed to prepare and file petition despite having been hired a year in advance to do so, and failed to return case files client demanded); Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (counsel "refused to remove herself as appointed counsel" and falsely "led [client] to believe that she was going to file the federal habeas petition on his behalf").  Nor did the state stand in the way of Banks filing on time.  Cf. Ramirez v. Yates, 571 F.3d 993, 996–98 (9th Cir. 2009) (state superior court failed to give notice of its decision); Stillman v. LaMarque, 319 F.3d 1199, 1202–03 (9th Cir. 2003) (prison officials broke promise to counsel to have client sign petition and return it before filing deadline); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (prison officials failed to mail Miles's petition).

Even if there were egregious circumstances here, Banks doesn't allege—and has made no showing—that he would have filed a timely federal habeas petition had he learned of the state court denial when it was issued.  See Porter, 620 F.3d at 959 ("The petitioner must show that the extraordinary circumstances were the cause of his untimeliness." (internal quotation mark omitted)).  He isn't entitled to any equitable tolling that would excuse his late filing.  No reasonable jurist would conclude that this procedural ruling is in error, so Banks is not entitled to a

page 5

certificate of appealability. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petition is **DENIED** as untimely.

December 14, 2010

                                           /s/ Alex Kozinski
                                           **ALEX KOZINSKI**

                                           Chief Circuit Judge
                                           Sitting by designation