# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABRAHAM BANKS,**<br><br>             Petitioner,<br><br>v.<br><br>**JAMES WALKER**,<br><br>             Respondent. | No. 2:07-cv-02022-AK<br><br><br>**ORDER** |

Banks filed a motion to alter or amend the judgment, urging me to reconsider my decision to dismiss his habeas petition.  He now relies entirely on Bustamante v. Garcia, 139 F. App'x 900 (9th Cir. 2005), to argue that he's entitled to equitable tolling.  I deny the motion for the following reasons:

**1.** Bustamante was decided in an unpublished disposition that has no precedential value.  See 9th Cir. R. 36-3(a).  Banks's counsel has nonetheless relied on it repeatedly in his filings in this case, in clear violation of a Ninth Circuit rule prohibiting the citation of unpublished dispositions issued before January 1, 2007.  See 9th Cir. R. 36-3(c).  In ruling on whether Banks is entitled to equitable tolling, I have to treat Bustamante as if it were never decided.

**2.**  Banks also cites the case to show that reasonable jurists at least could find my conclusion debatable, and that he is therefore entitled to a certificate of appealability.  But the Ninth Circuit's rules do not permit me to consider <u>Bustamante</u> even for that limited purpose, and for good reason.  Unpublished dispositions give only sparse recitations of the underlying facts and applicable law.  <u>See</u> 9th Cir. Gen. Order 4.3(a).  It's therefore difficult for anyone other than the parties and the court to know exactly what was decided and why.  <u>See</u> <u>Hart</u> v. <u>Massanari</u>, 266 F.3d 1155, 1178 (9th Cir. 2001) ("[T]he disposition is not written in a way that will be fully intelligible to those unfamiliar with the case . . . .").  That also makes it easy to misunderstand or misuse the court's decision:  "Without comprehensive factual accounts and precisely crafted holdings to guide them, zealous counsel [may] be tempted to seize upon superficial similarities between their clients' cases and unpublished dispositions."  <u>Id.</u>

What little we know about Bustamante's case suggests that it was quite different.  Bustamante's lawyer didn't just inadvertently forget to tell him that the state supreme court had decided his case; she refused to send him any part of his appellate file.  Appellant's Opening Br. at 4–6, Bustamante v. Garcia, 139 F. App'x 900 (9th Cir. 2005) (No. 04-55667), 2004 WL 2416101, at *4–6.  This was particularly problematic because Bustamante wanted to argue that the lawyer had

been ineffective on appeal.  Appellant's Reply Br. at 9–10, Bustamante v. Garcia,

139 F. App'x 900 (9th Cir. 2005) (No. 04-55667), 2004 WL 2966717, at *9–10.

Making matters worse, Bustamante's lawyer seems to have incorrectly told his

family that he simply wasn't allowed to have lengthy legal documents in prison.

Opening Br. at 5, 13.  Even after she promised to send the materials, the file didn't

arrive for ten more months.  Id. at 18.  This was far more egregious than counsel's

inadvertent oversight in this case.  Of course, we don't really know what moved

the panel that decided Bustamante because many of these facts are not in the

disposition, which is precisely why I may draw no enlightenment from it as to the

issues I must decide.

   **3.**   This court has rejected equitable tolling in a nearly identical situation.

See Rodriguez v. Marshall, No. 1:05-cv-0230, 2009 WL 1424260, at *3 (E.D. Cal.

May 20, 2009) ("Petitioner argues that he was prevented from timely filing the

federal petition because his appellate counsel failed to notify him when the petition

for review was denied by the California Supreme Court.").  The court in Rodriguez

also declined to issue a certificate of appelability.  Id. at *7.  There is no reason to

reach a different result here, or to alter the analysis in my order dismissing Banks's

petition.

page 4

\*       \*       \*

     Banks's motion to alter or amend the judgment is **DENIED**.  His motion to

proceed in forma pauperis on appeal is also **DENIED**.

January 15, 2011

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation